b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDRENIQUE HOWARD A/K/A ANDRENIQUE GREEN, Plaintiff | CIVIL DOCKET NO. 1:23-CV-01132 |
| VERSUS | DISTRICT JUDGE SUMMERHAYES |
| UNITED STATES DEPARTMENT OF LABOR AND WAGES, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Plaintiff Andrenique Howard ("Howard") (a/k/a Andrenique Green) seeks information from the Defendants pursuant to the Freedom of Information Act ("FOIA"). Because Howard's FOIA requests are not properly made through the Court or pursuant to the Civil Rights Act, Howard's action should be *sua sponte* dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

I. Background.

Before the Court is a Complaint filed pursuant to 42 U.S.C. § 1983 by Howard against the United States Department of Labor and the State of Louisiana. Howard contends she is making a FOIA request for a copy of her employment records from 2004 to 2023. Howard asks for her W-2's, daily time records, check stubs, the company handbook, write-ups, and emails from her employment at the St. Mary Residential Training School in Boyce, Louisiana.[1]

---

[1] Howard alleges that other employees of the St. Mary's Training Center (Fantajah Lanae Maloid, "Corieon," and Shondrea Williams) have stolen her identity.

Howard appears to be asking the Court to obtain records on her behalf, pursuant to FOIA, from the United States Department of Labor and the State of Louisiana. Howard also lists numerous other entities for "subpoena."

II. Law and Analysis

    A. **The Court may dismiss Howard's claims *sua sponte*, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim.**

In *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998), *cert. den.*, 525 U.S. 865 (1998), Bazrowx was a prisoner. Because he was not proceeding *in forma pauperis,* the Fifth Circuit found his complaint could not be dismissed pursuant to § 1915(e)(2). *See Bazrowx,* 136 F.3d at 1054. The Fifth Circuit held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] as long as the procedure employed is fair."[2] *See also Carroll*

---

[2] "The Prison Litigation Reform Act (PLRA) [110 Stat. 1321-71, as amended, 42 U.S.C. § 1997(e), et seq.], amended § 1915 to require the district court to dismiss *in forma pauperis* (IFP) prisoner civil rights suits if the court determines that the action is frivolous or malicious or does not state a claim upon which relief may be granted." *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (*citing* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) and § 1915A(b)(1)). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black*, 134 F.3d at 733–34.

Very few Fifth Circuit cases have approved dismissal of non-prisoner suits under the 28 U.S.C. § 1915(e) of the PLRA: *Roberson v. Earle*, 378 Fed. Appx. 396, 397 (5th Cir. 2010); *Gant v. Lockheed Martin Corp.,* 152 Fed. Appx. 396, 397 (5th Cir. 2005), cert. den., 547 U.S. 1110 (2006) (as well as two other cases filed by Gant); *Newsome v. Equal Employment Opportunity Commission,* 301 F.3d 227, 231–33 (5th Cir. 2002), *cert. den.*, 537 U.S. 1049 (2002). Although these cases have been cited often by district courts, the Fifth Circuit appears to have returned to its earlier approach of, *sua sponte,* using Rule 12(b)(6) to dispose of patently meritless or frivolous civil cases filed by non-prisoners under.

Recently, the Fifth Circuit has often cited its approach in *Bazrowx,* in which it dismissed a non-prisoner case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6). *See Anokwuru v. City of*

*v. Fort James Corp.,* 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed). Fairness in this context requires "both notice of the court's intention and an opportunity to respond." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *see also Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021); *Davoodi v. Austin Independent School District,* 755 F.3d 307, 310 (5th Cir. 2014). A litigant must have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous. *See Alexander v. Trump*, 753 Fed. Appx. 201, 208 (5th Cir. 2018), *cert. den.*, 139 S. Ct. 1200 (2019) (finding Plaintiff had an opportunity to respond during the 14 day objections period to the recommendation).

Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *See Bazrowx*, 136 F.3d at 1054. A district court errs in failing to provide a pro se plaintiff with notice of the court's intention to dismiss her suit or an opportunity to amend her complaint, but such error may be ameliorated if the plaintiff has alleged her best case or if the dismissal was without prejudice. *See Bazrowx*, 136 F.3d at 1054.

---

*Houston*, 990 F.3d 956, 967 (5th Cir. 2021); *Davoodi,* 755 F.3d at 310; *Carroll*, 470 F.3d at 1177. That approach conforms to earlier cases in which the Fifth Circuit refused to apply the PLRA to non-prisoner detainees, such as ICE detainees. See *Allen v. Fuselier,* 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(i) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and affirming dismissal of the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6)).

3

At some point a court must decide that a plaintiff has had fair opportunity to make her best case, and if, after that time, a cause of action has not been established, the court should finally dismiss the suit. *See Anokwuru*, 990 F.3d at 967; *see also Ramirez v. City of Arlington, Texas*, 2022 WL 3644197, at *2 (5th Cir. 2022)

### B. The United States Department of Labor is immune from suit under § 1983.

The mission of the United States Department of Labor is "[t]o foster, promote, and develop the welfare of the wage earners, job seekers, and retirees of the United States; improve working conditions; advance opportunities for profitable employment; and assure work-related benefits and rights." *See* United States Department of Labor: About Us: Our Mission, @ *https://www.dol.gov/general/aboutdol*. The Department of Labor does not keep individual work records on the citizens of the United States. Those should be available from the employer.

Nor can Howard assert a claim against the United States Department of Labor under § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. *See Lugar v. Edmondson Oil Co., Inc.*, 475 U.S. 922, 937 (1982). And, absent a specific and unequivocal waiver, sovereign immunity shields the federal government and its agencies from suit. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994).

Because the United States has sovereign immunity from claims under § 1983, Howard's § 1983 action against the United States Department of Labor should be dismissed with prejudice.

### C. The State of Louisiana is immune from suit in federal court.

Under La. R.S. 13:5106, "[n]o suit against the state or a state agency or political subdivision shall be instituted in in any court other than a Louisiana state court." Thus, the State of Louisiana has not waived her immunity under the Eleventh Amendment from suit in federal court. *See Citrano v. Allen Correctional Center,* 891 F. Supp. 312, 320 (W.D. La. 1995). Howard's action against the State of Louisiana should be dismissed with prejudice.

Howard must seek her information directly from her former employer, or other entity, through a written request for records.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Howard's action be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy

5

of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __28th__ day of August 2023.

Joseph H.L. Perez-Montes
United States Magistrate Judge